OTIS ELEVATOR CO. v. COOK.  (No. 6133.)

(Court of Civil Appeals of Texas.  Austin. Jan. 21, 1920. On Motion for Rehearing, March 17, 1920.)

1. CONTRACTS ⬅⟿205—DAMAGES FOR BREACH OF WARRANTY DO NOT INCLUDE COST OF REPAIRS OR LOSS FROM DEFECTIVE OPERATION.

Where defendant agreed to install an elevator in plaintiff's hotel, guaranteeing workmanship, etc., and, the elevator proving defective, plaintiff, after paying part of the purchase price, sued to rescind the contract or in the alternative to recover for the damages and by submitting the case on special issues on the plea for damages abandoned a suit for rescission, his measure of damages was the difference between the agreed price and the actual value, but plaintiff was not entitled to recover amounts paid out for repairs or for loss occasioned by defective service.

On Motion for Rehearing.

2. EVIDENCE ⬅⟿207(1) — MOTION FOR JUDGMENT HELD NO BASIS FOR ALLOWANCE OF CERTAIN RENTS AGAINST MOVING PARTY.

The elevator which defendant had installed in plaintiff's hotel having proved defective, plaintiff sued defendant for damages, and defendant moved to enter judgment on the theory that plaintiff was chargeable with $3,000 for the rental of the elevator, in which case judgment would have been in defendant's favor for a substantial amount instead of in favor of plaintiff on the theory that plaintiff was entitled to recover the difference between the agreed price and the actual value, held, that the fact that defendant in its motion allowed plaintiff the amount expended for repairing the elevator is no ground for allowing such amount where the case was disposed of on the theory of the sale.

3. APPEAL AND ERROR ⬅⟿719(9)—JUDGMENT MAY BE CORRECTED FOR FUNDAMENTAL ERROR APPARENT ON FACE OF RECORD, THOUGH NOT ASSIGNED.

In an action for breach of warranty in the sale of an elevator disposed of on special issues, where the amounts expended by plaintiff in repairing the elevator were allowed as damages, such error was fundamental and may be corrected by the appellate court under Rev. St. 1911, art. 1626, though defendant did not assign same as error.

Appeal from District Court, Falls County; W. A. Patrick, Judge.

Action by J. W. Cook against the Otis Elevator Company. From a judgment for plaintiff, defendant appeals. Reformed and affirmed.

John Charles Harris, of Houston, for appellant.

Oltorf & Oltorf, of Marlin, and E. W. Bounds, of Ft. Worth, for appellee.

Findings of Fact.

JENKINS, J. Appellant agreed to install in appellee's hotel an elevator, guaranteeing the workmanship and material therein to be first-class, for which appellee was to pay $1,900, $1,000 cash when the elevator was installed, and to execute notes for the balance. The elevator was installed May 14, 1914. Appellee made the cash payment, and executed his notes, one for $100, payable in 60 days, one for $150, payable in 90 days, one for $150, payable in 120 days, one for $250, payable in 150 days and one for the remainder, $250, payable in 180 days, with interest from date at the rate of 8 per cent. per annum.

The first and second notes were paid at maturity. Appellee refused to pay the remaining notes. He brought suit to rescind

the contract, or in the alternative to recover damages for breach of the contract. The case was submitted to a jury on special issues, upon the plea for damages. Appellee thereby abandoned his suit for rescission.

The case was submitted on the following special issues:

"Special issue No. 1: Were there any materials that were less than first class in quality in the construction and installation of the elevator in controversy? Answer: Yes.

"Special issue No. 2: Was any workmanship that was not first-class used in the construction and installation of the elevator in controversy? Answer: Yes.

"Special issue No. 3: Was the elevator in question as constructed and installed by the defendant fit and suitable for giving elevator service of ordinary efficiency? Answer: No.

"Special issue No. 4: Was there any difference between the reasonable market value of the elevator as contracted for and its value as actually constructed and installed, and, if so, how much, and state whether more or less than the contract price? Answer: Yes; $900 less than the contract price.

"Special issue No. 5: If you have answered that there was a difference between the value of the elevator as contracted for and its value as actually constructed and installed, then state whether such difference was due to any defective material or workmanship in the construction or installation of said elevator, or to some other cause. Answer: Due to defective materials and workmanship.

"Special issue No. 6: During the first year following the completion of the elevator in question did same ever get out of order or fail to operate as the result in whole or in part of any defect or defects in material or workmanship in its construction or installation? Answer: Yes.

"Special issue No. 7: Were there any times subsequent to said first year when said elevator would get out of order or fail to operate with ordinary facility as a result of defective materials or unskillful workmanship in the construction or installation of said elevator? Answer: Yes.

"Special issue No. 8: If you have answered the sixth special issue in the affirmative, then state what, if anything, it cost the plaintiff during said first year to have said elevator repaired and restored to operation, not including any item of expense which you may find was occasioned by ordinary wear and tear and expense of operation. Answer: $175.45.

"Special issue No. 9: If you have answered the seventh special issue in the affirmative, then did any of plaintiff's patients and guests leave him on account of said elevator being out of order sooner than they would otherwise have left? Answer: Yes.

"Special issue No. 10: If you have answered the preceding issue in the affirmative, then state whether or not the plaintiff sustained any damage by reason of such patients and guests leaving sooner than they otherwise would have left, on account of said elevator being out of order as the result of defective material or workmanship, and, if so, how much. Answer: Yes; $250."

The evidence sustains the findings of the jury. The court entered judgment for ap-

pellee for $250, the amount paid in excess of the value of the elevator; for $175.45, amount paid by appellee for repairs on the elevator; and for $250, the amount of injury to appellee's business by reason of defects in the elevator, with interest at the rate of 6 per cent. per annum, aggregating $764.65, and for cancellation of the unpaid purchase-money notes.

## Opinion.

[1] The view which we take of this case renders it unnecessary for us to pass in detail upon the assignments herein. Appellee purchased an elevator from appellant for the agreed consideration of $1,900. According to the findings of the jury, the elevator did not fulfill the guaranties as to material and workmanship, by reason of which it was worth only the sum of $1,000. Appellee did not elect to rescind the contract, but chose to retain the elevator and sue for damages on the warranty. He paid the full agreed value in cash and in notes. His measure of damage was the difference between the agreed value and the actual value, which is $900. He paid in cash $1,000, which was the value of the elevator as found by the jury. July 4th he paid the first note, principal and interest, $101.33. On August 4, 1914, he paid the second note, principal and interest, $153. He is entitled to recover the amount paid on these notes with 6 per cent. interest from the respective dates of their payments to the date of trial. These sums aggregate $254.33. He has not paid the other notes. Appellee is not entitled to recover for the amount paid out by him for repairs, or for his loss by reason of defective service. These were occasioned by defects in the elevator, but for which he would have been required to pay $1,900, instead of $1,000, for same. He was entitled to have the unpaid notes canceled, as decreed by the court.

The judgment of the trial court is here reformed as above indicated, and, as thus reformed, the judgment is affirmed.

Reformed and affirmed.

## On Motion for Rehearing.

Appellee in his motion for rehearing asserts that we should not have reformed the judgment herein as to the items of repairs and loss of custom, for the reasons: (1) That appellant, in its motion to enter judgment herein, allowed these items; and (2) because the appellant did not assign error on entering judgment in favor of appellee for these items.

[2] It is true that appellant, in its motion for judgment herein, allowed these items in favor of appellee. But the requested judgment must be looked to as a whole, and cannot be considered as the admission of the justice of any item allowed by the court upon a different theory. Appellant's motion to

enter judgment was based on the theory that appellee was chargeable with $3,000 as the rental value of the elevator. In such event it would have been proper to have charged appellant with the cost of repairs while using the same, and perhaps with the loss of profits occasioned by the elevator being out of repairs. If appellant's motion to enter judgment had been granted, the judgment would have been in its favor for $984.55, instead of against it for $764.65.

[3] It is also true that appellant did not specifically assign error as to the two items mentioned, but the allowance of these items is fundamental error. It is apparent upon the face of the record that no issue as to these items should have been submitted to the jury. The findings thereon were immaterial, and should have been disregarded in entering judgment. Upon the finding of the jury on the material issues, the trial court should have entered the judgment indicated in our opinion herein, and, this not having been done, it is our duty to render such judgment as the trial court should have rendered. R. S. art. 1626.

Motion overruled.